YONKERS NATIONAL BANK AND TRUST COMPANY, Plaintiff, *v.* YERKS & CO., INC., and Another, Defendants.*

Supreme Court, Westchester County, May 19, 1931.

*Albert C. Jordan*, for the plaintiff.

*R. E. & A. J. Prime*, for the defendant Yerks & Co., Inc.

Witschief, J. On August 8, 1928, one Joseph L. Thomas made his promissory note to the order of the defendant Yerks & Co., Inc., for $1,219.76, payable five days after date at the Yonkers National Bank and Trust Company. The note was indorsed by Julia A. Thomas, wife of Joseph L. Thomas.

Yerks & Co., Inc., indorsed the note and delivered it to the defendant Westchester Trust Company for presentation and demand.

On August 13, 1928, the Westchester Trust Company presented the note to the Yonkers National Bank and Trust Company for payment.

The Yonkers National Bank and Trust Company had a depositor named Joseph S. Thomas, who happens to be the father of Joseph L. Thomas, and whose account was good for the amount of the note.

The ledger sheet of the Yonkers National Bank and Trust Company showing the account of Joseph S. Thomas was offered in evidence on the trial and exhibited to the court.

The initial letter of the middle name of the depositor is so written that it might be read by any one as the letter " L."

When the note of Joseph L. Thomas was presented for payment, the teller of the plaintiff to whom the note was presented referred to the bookkeepers of the plaintiff to ascertain whether Joseph L. Thomas had sufficient funds on deposit to meet the note, and the bookkeepers, having examined the account of Joseph S. Thomas, reported to the teller that the account was good for the amount of the note.

The plaintiff thereupon paid the note at about three p. m. on August 13, 1928.

Shortly after the bank opened on the morning of August 14, 1928, the error was discovered and the cashier of the plaintiff at once communicated with the Westchester Trust Company and Yerks & Co., Inc., by telephone and informed them that the note had been paid by mistake and requested them to return the money.

On the afternoon of August 14, 1928, the plaintiff's cashier called at the office of Yerks & Co., Inc., and talked with Mr. E. M. Yerks, an officer of the corporation, again informing him that the note had been paid by mistake, and demanding that Yerks & Co., Inc., return the money which had been paid to them by mistake.

While there is a dispute in the testimony, it will be found that the notice to the defendant Westchester Trust Company and to Yerks & Co., Inc., that the note had been paid by mistake, was given on the 14th day of August, 1928, by telephone in the morning and by personal interview in the afternoon. The testimony of the plaintiff on this issue is clear, positive and convincing, while the testimony on behalf of the defendants is not so clear and so convincing, because it is more or less indefinite.

It also appears that on the same day that the note fell due, August 13, 1928, the maker of the note, Joseph L. Thomas, called at the office of the defendant Yerks & Co., Inc., seeking to make a payment on account of the note and to renew the note for the balance.

On the evening of August 14, 1928, the cashier of the plaintiff called at the home of the maker of the note, Joseph L. Thomas, and saw both Mr. Thomas and Mrs. Thomas and explained to them that the note had been paid by mistake. Thereupon the cashier, who had the note with him, demanded payment of the note but the note was not paid.

In May, 1929, Joseph L. Thomas, the maker of the note, and Julia A. Thomas, the indorser, were adjudicated bankrupt, and the papers in the bankruptcy proceeding indicate that at that time they had no assets.

The plaintiff brings this action to recover the amount of the note paid by it through error.

There is no question but that the note was paid by mistake; that neither the maker of the note nor the indorser, Julia A. Thomas, had any funds on deposit with the plaintiff.

The plaintiff seeks to recover from both defendants the amount paid by it to the Westchester Trust Company, and by the Westchester Trust Company paid to Yerks & Co., Inc.

The complaint should be dismissed as to the defendant Westchester Trust Company. (*National Park Bank* v. *Steele & Johnson Mfg. Co.*, 58 Hun, 81–84.)

The equities strongly favor a recovery by the plaintiff against the defendant Yerks & Co., Inc., and the only question is as to whether the law prevents the recognition of the equities in favor of such recovery.

The quite obvious effort of the defendant Yerks & Co., Inc., is to profit by the plaintiff's mistake, as it is evident that it did not expect the note to be paid, and was surprised when informed that it had been paid.

An officer of the defendant Yerks & Co., Inc., is an officer of the defendant Westchester Trust Company.

The fact that telephone notice was given Yerks & Co., Inc., by the Westchester Trust Company that the note had been paid, coupled with the fact that the maker of the note sought to renew the note on its due date, indicates the lack of expectation on the part of Yerks & Co., Inc., that the note would be paid on presentation.

The prompt notice given of the mistake was sufficient to constitute notice of protest under section 167 of the Negotiable Instruments Law.

If Yerks & Co., Inc., entertained any doubt of the sufficiency of the notice of protest given by the plaintiff, it could have given such notice itself on August 14, 1928, or even on the following day. (Neg. Inst. Law, §§ 174–178.)

Instead of taking this precaution, and itself seeking to hold the prior indorser on the note, Yerks & Co., Inc., sought to profit by the plaintiff's error, and elected to rely upon its supposed legal rights.

If the indorser, Julia A. Thomas, has been released from liability on the note, the fault is as much that of the defendant Yerks & Co., Inc., as that of the plaintiff. But it will be found that sufficient notice of dishonor was given her, and that she was not released from liability on the note.

The mistake was mutual, in that the plaintiff thought that Joseph L. Thomas had an account with it which was good for the amount due on the note, and in that the defendant Yerks & Co., Inc., must have thought the same thing when it was notified that the note had been paid. Both were mistaken.

Negligence is not a defense under these circumstances. (*Lawrence* v. *American Nat. Bank*, 54 N. Y. 432.)

Even though it was a completed transaction when the note was paid, yet a completed transaction may be rescinded in a case of mutual mistake. (*Bankers Trust Co.* v. *Wells*, 215 App. Div. 343.)

It does not appear that the defendant Yerks & Co., Inc., suffered any loss as the result of the plaintiff's error. On the contrary, it appears that it suffered no loss either of remedy or otherwise, yet it will have been unjustly enriched if a recovery is denied the plaintiff.

The plaintiff, in effect, purchased the note (*Bankers Trust Co.* v. *Wells*, 215 App. Div. 343) and gave notice of non-payment in timely compliance with the provisions of law.

The plaintiff has set forth its cause of action in two forms, and is entitled to judgment against the defendant Yerks & Co., Inc., upon either cause of action.

Judgment for the plaintiff accordingly.