Per Curiam.

The defendant rested on the plaintiff’s case and there is no proof whatever that the defendant was prejudiced by or changed his position in any way in reliance on the plaintiff’s conduct. It is self-evident that but for a mistake the plaintiff would not have paid the check for $500 drawn on an account which had already been closed. If we assume that the defendant presented the check and received payment thereon in the belief that the balance in the maker’s account was then sufficient to meet the check, the mistake was mutual. If, however, there was no mistake at all on his part and he also is not chargeable with bad faith, the mistake would be solely that of the plaintiff.
While one seeking reformation must establish mutual mistake or mistake of one party and fraud of the other, this is not a requirement when only rescission or the recovery back of money paid is prayed for. Unilateral mistake alone will support such claim (Rosenblum v. Manufacturers Trust Co., 270 N. Y. 79, 85).
The plaintiff’s case put in its worst light shows that the mistake was solely its own and was due to its negligence. Its negligence, however, does not defeat its right to recover so long as the defendant did not suffer as the result of its mistake. As long ago as 1873 the Court of Appeals in National Bank of Commerce in N. T. v. National Mechanics’ Banking Assn, of N. Y. (55 N. Y. 211, 213) declared: “ It is now settled, both in England and in this State, that money paid under a mistake of *910 fact may be recovered back, however negligent the party paying may have been in making the mistake, unless the payment has caused such a change in the position of the other party that it would be unjust to require him to refund.” The doctrine here announced has been reaffirmed (Lawrence v. American Nat. Bank, 54 N. Y. 432; Turetsky v. Morris Plan Ind. Bank, 22 N. Y. S. 2d 514; Yonkers Nat. Bank & Trust Co. v. Yerks & Co., 142 Misc. 640, affd. 234 App. Div. 885).
There is no reason why a bank, merely because it is a bank, should be denied recovery of money paid by mistake in circumstances which would justify recovery by anyone else. Banks have been held entitled to relief in such situations (Metropolitan Life Ins. Co. v. Bank of United States, 259 N. Y. 365; Chase Nat. Bank of City of N. Y. v. Battat, 105 N. Y. S. 2d 13; Smith & McCrorken v. Chatham Phenix Nat. Bank & Trust Co., 239 App. Div. 318, and cases already cited).
The judgment should be reversed, with $30 costs to appellant, and judgment directed for appellant as prayed for in the complaint, with costs.