In the Matter of the Claim of JOHN C. DOVI, Respondent, v GRAND UNION COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, November 9, 1978

## APPEARANCES OF COUNSEL

*McDonough, Digby & Connelly (Charles M. Connelly* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

HERLIHY, J.

The appeal involves the question as to whether the board

erred in limiting the carrier's credit for overpayment to the claimant to one half the value of the continuing award.

It was agreed by all of the parties that between January 1, 1966 and September 30, 1974, while the claimant was working, he was overpaid reduced earnings in the amount of $14,000. To adjust for these overpayments the board affirmed the referee's finding that one half of the continuing payments should be applied against the overpayments.

The carrier contends—primarily because of the amount due —that it should be reimbursed by way of the full amount of each payment of future compensation to become due or, in the alternative, it should be positioned to bring a common-law action against the claimant for money had and received on the theory of unjust enrichment.

It should be first noted that while the factual situation herein (amount of overpayment) is somewhat novel, the primary purpose of the Workers' Compensation Law was to statutorily take away common-law rights of all of the parties and the carrier's argument in that respect is wholly unfounded and without any support in the law.

To the contrary, section 22 of the Workers' Compensation Law "Modification of awards, decisions or orders" as pertinent hereto states: *"and any payments made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such methods as may be determined by the board".* (Emphasis added.)

While not essential to our decision, the record establishes that the carrier knew that the claimant was employed during the time in question and made semiannual checks of his salary but, for some reason not fully explained, failed to realize it was making overpayments.

In view of the section quoted above, it was within the discretion of the board to decide the manner and method to be adopted in rectifying the overpayments and there is substantial evidence to sustain its findings.

The decision should be affirmed, with costs to the Workers' Compensation Board against appellants.

GREENBLOTT, J. P., MAIN, LARKIN and MIKOLL, JJ., concur.

Decision affirmed, with costs to the Workers' Compensation Board against appellants.