### In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.
### MDL No. 381.

United States District Court,
E. D. New York.

Feb. 5, 1980.
On Motion to Adjourn Date for Filing
Summary Judgment Motion
March 6, 1980.

Leonard L. Rivkin, Rivkin, Leff & Sherman, Garden City, N. Y., Morton B. Silberman, Clark, Gagliardi & Miller, White Plains, N. Y., Wendell B. Alcorn, Jr., Cadwalader, Wickersham & Taft, Ronald S. Daniels, Townley & Updike, Bud Holman and William A. Krohley, Kelley, Drye &

Warren, New York City, William H. Sanders, William A. Lynch and Paul G. Lane, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., Baker & McKenzie, Chicago, Ill., John M. Fitzpatrick, Dilworth, Paxson, Kalish, Levy & Kauffman, Philadelphia, Pa., Joan Bernott, Dept. of Justice, Washington, D. C., for defendants.

Victor J. Yannacone, Jr., Yannacone & Yannacone, Patchogue, N. Y., Schlegel & Trafelet, Ltd., Chicago, Ill., L. Steven Platt, Daniel C. Sullivan, Sullivan Associates, Ltd., Chicago, Ill., Hy Mayerson, Spring City, Pa., David Jaroslawicz, New York City, Newton B. Schwartz, P. C., Benton Musselwhite, Inc., Houston, Tex., Melvin Block, Brooklyn, N. Y., Marshall A. Bernstein, Bernstein, Bernstein & Harrison, Philadelphia, Pa., Louis B. Merhige, New Orleans, La., for plaintiffs.

The Counsel of Vietnam Veterans, amicus curiae, Washington, D. C.

GEORGE C. PRATT, District Judge:

For reasons given below and discussed at the February 1, 1980 pretrial conference, the court issues the following orders.

1. Each defendant is deemed to have denied the cross-claims asserted against it by other defendants.

2. Decision on plaintiffs' motion for class action certification is reserved until after decision by the United States Court of Appeals for the Second Circuit of the interlocutory appeal taken by defendants under 28 U.S.C. § 1292(b) from this court's memorandum and order dated November 20, 1979.

3. The stay of discovery established in paragraph seven of this court's Practice and Procedure Order, dated May 18, 1979, shall continue in effect until further order of the court, except that parties may conduct voluntary discovery by agreement among themselves.

■ 4. At the conference, plaintiffs and defendants expressed concern about de-struction of records under the government's document destruction program. Plaintiffs and defendants requested the court to order the government to preserve relevant records until further notice. The government objected that too broad a preservation order might unduly disrupt the document destruction programs of some 3500 governmental agencies and departments.

The court will consider any proposed document preservation order submitted by the parties. If the parties cannot agree on the form of such a proposal, parties may if they wish submit individual proposals. For the present, the government has promised to discuss preservation of records with officials of the Veterans Administration and other departments and agencies likely to have relevant records. The government has further promised to make a good faith effort to preserve all records relevant to the litigation.

The government is under an additional obligation imposed by the Federal Rules of Civil Procedure to preserve documents requested in Dow's notice to produce. As an exception to the general stay of discovery in this litigation, the court at the conference deemed Dow's motion to produce to have been served on the government as of February 1, 1980. As a further exception to the general stay of discovery, other parties may serve notices to produce on the government, which will impose on the government a similar obligation to preserve requested documents. The government shall make every effort to promptly respond to any notice to produce served upon it.

■ 5. Parties to this litigation who obtain information through discovery in *Lowell M. Coffey v. Dow*, WDKy, CA No. C–79–495–L(B) or *Lowell M. Coffey v. Department of Defense*, WDKy, CA No. C–79–488–L(B),[1] shall make such information available to all other parties in this litigation, as agreed at the February 1, 1980 conference.

6. The computerization committee discussed in paragraph nine of this court's

---

1. The two *Coffey* cases were conditionally transferred to this court under 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation. The conditional transfer order was vacated by the Panel's opinion and order filed January 29, 1980, and the *Coffey* cases are now pending before Judge Ballantine in the Western District of Kentucky.

January 14, 1980 Memorandum and Order shall be expanded by one member to include a representative of the government.

7. (a) At the conference, the government indicated that it plans to move to dismiss the third-party complaint, based on government defenses of sovereign immunity, absence of a legal duty under the Federal Tort Claims Act (FTCA), specific exemptions available to the government under the FTCA, and the defendants' failure to state a claim under the Defense Production Act of 1950, 50 U.S.C.App. § 2061 *et seq.* The government's papers in support of this motion to dismiss shall be served and filed no later than March 10, 1980.

(b) Defendants' responses to the government's motion to dismiss shall be served and filed no later than March 24, 1980. By that date, defendants shall also have served and filed motion papers seeking summary judgment as to the affirmative defenses specified below:

(i) affirmative defenses 12, 13, 20, 21, 22, 24 and 27 in Dow's answer, filed December 10, 1979, to the TAVC, and incorporated by reference into Dow's amended answer filed January 14, 1980.

(ii) affirmative defenses 4, 5, 6, 7, 8, 9, 12 and 15 in Thompson-Hayward's second amended answer filed January 14, 1980.

(iii) affirmative defenses 11, 14, 16, 17, 18 and 24 in Monsanto's amended answer filed January 15, 1980.

(iv) affirmative defenses 16 and 19 in Diamond Shamrock's amended answer filed January 16, 1980.

(v) affirmative defenses 9, 12, 14, 15, 18, 20, 24, 39 and 40 in Hercules' amended answer filed January 17, 1980.

In framing their summary judgment papers, defendants may treat together those of the above affirmative defenses that are essentially identical, provided that adequate treatment is accorded to the merits of each affirmative defense specified above.

(c) Plaintiffs' responses to defendants' summary judgment papers and to the government's motion shall be served and filed no later than April 7, 1980.

(d) Thereafter, additional papers may be served and filed by defendants and the government no later than April 14, 1980.

(e) Oral argument on the above motions shall be held on April 18, 1980 at 10:00 a. m.

## ON MOTION TO ADJOURN DATE FOR FILING SUMMARY JUDGMENT MOTION

By memorandum and order dated February 5, 1980, this court ordered, among other things, that by March 24, 1980 "defendants shall * * * have served and filed motion papers seeking summary judgment as to [specified] affirmative defenses * * ."

■ Now, by notice of motion dated February 29, 1980, made returnable March 19, 1980, defendants Diamond Shamrock, Dow, Hercules, Monsanto, and Thompson-Hayward move for an order adjourning the date for filing motions for summary judgment until after (1) there has been substantial progress on discovery, and (2) the Court of Appeals for the Second Circuit decides the pending interlocutory appeal from this court's memorandum and order dated November 20, 1979.

Defendants argue that: (1) because the relevant events occurred more than a decade ago, substantial discovery and investigation will be required to develop the necessary factual record for summary judgment with respect to defendants' immunity claims; (2) relevant documents in the government's possession have not yet been made available to defendants; and (3) deferring the briefing of the summary judgment motions will prevent the motions from being rendered irrelevant or superfluous by the Second Circuit's pending decision on the law governing this action.

Without waiting for the return date, the court denies the instant motion. Discovery is just beginning, but some of these actions have been pending for more than a year, and the key documents are either in the files of the parties or readily available to them. Although the court may ultimately find that summary judgment as to some of

the defenses is inappropriate at this point in the litigation, it is possible that information already available to the parties will provide a sufficient foundation for summary judgment as to other defenses. If nothing else, the briefing and argument of the motions will facilitate determination of certain uncontested facts under FRCP 56.

Finally, the pending appeal before the Second Circuit on the question of federal common law jurisdiction is not grounds for postponement, since the summary judgment motions will focus on questions of immunity which must, of necessity, be governed by federal law.

Accordingly, the instant motion is denied. The summary judgment motions will be briefed and argued as originally scheduled.

SO ORDERED.