■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v RUTH NEWMAN, Appellant. — In an action by plaintiff insurer to recover money paid to the defendant insured based on a mistake of fact, the defendant appeals from a judgment of the Supreme Court, Westchester County (Burchell, J.), dated November 2, 1981, in favor of plaintiff in the principal sum of $9,805.66, together with interest and costs. (We deem the notice of appeal to be a premature notice of appeal from the judgment, which was entered upon a prior order of the same court dated October 28, 1981, which [1] denied defendant's motion for summary judgment and [2] granted plaintiff's cross motion for summary judgment against defendant in the principal amount of $9,805.66, together with interest and costs.) Judgment modified by (1) deleting therefrom everything after the words "RUTH NEWMAN", and (2) adding thereto a provision vacating so much of the order dated October 28, 1981 as allowed plaintiff to enter judgment against defendant in the amount of $9,805.66, with interest and costs, and the matter is remitted to Special Term for a hearing and determination as to the amount of the judgment to be entered in favor of plaintiff, in accordance with the following memorandum: Plaintiff was the workers' insurance compensation carrier for the *New York Times,* employer of defendant's husband, Robert Newman, who died in 1972. The Workers' Compensation Board awarded the defendant the sum of $48 per week. Of the $48 per week, $24 per week was to be paid directly by the plaintiff to defendant. Pursuant to a decision of the board dated November 7, 1974, effective November 19, 1974 (and affirmed by decision of the board dated April 11, 1975), the plaintiff was directed to make payment of $9,805.66 into the aggregate trust fund of the State Insurance Fund pursuant to section 27 of the Workers' Compensation Law, which was to be used to pay the remaining $24 per week to defendant. Due to inadvertence, plaintiff instead forwarded a check in the amount of $9,805.66 to the defendant on April 18, 1975. In mid-June 1976, in response to the board's directive to comply with its decision of November 7,

1974, plaintiff forwarded a second check in the amount of $9,805.66 to the aggregate trust fund. Defendant thereafter refused plaintiff's repeated requests to return any of the money sent to her by mistake. Plaintiff then requested the board to direct the aggregate trust fund to withhold payments until the overpayment has been recovered. The board rejected plaintiff's application, stating in pertinent part: "there is no recourse under the Worker' Compensation Law for Liberty Mutual Insurance Company's error." In reviewing the record, the board also commented: "The minutes of 9/23/76 and 6/21/77 indicate that the widow, for a period of time, was receiving $24 a week instead of the $48 a week as awarded; that none of the parties produced any evidence as to what payments were made to the widow." The plaintiff then commenced this action to recover the $9,805.66 mistakenly paid to defendant. In her answer, defendant admitted receipt of the check in the amount of $9,805.66 by failing to deny that allegation in the complaint (see CPLR 3018, subd [a]). However, she asserted as an affirmative defense, and subsequently moved for summary judgment on the basis of said defense, that pursuant to section 22 of the Workers' Compensation Law and the decision in *Matter of Dovi v Grand Union Co.* (64 AD2d 343), the Workers' Compensation Board had the sole discretion in rectifying any overpayment problem, and that an action for money had and received on the theory of unjust enrichment could not be maintained. In opposition to defendant's motion for summary judgment, and in support of its cross motion for summary judgment, plaintiff alleged that the facts at bar involved a mistaken payment rather than an overpayment, and that defendant's authorities were therefore inapposite. Special Term denied the defendant's motion for summary judgment and granted the plaintiff's cross motion for summary judgment against the defendant in the amount of $9,805.66, with interest of $4,103.80, plus $25 costs, for a total of $13,934.46. On appeal the defendant reiterates her argument that the plaintiff's payment of $9,805.66 to her was an overpayment of benefits, rectification of which is within the sole and continuing jurisdiction of the Workers' Compensation Board. We agree with Special Term that the facts of the instant case involve a payment by the insurer made under a mistake of fact rather than an overpayment of benefits and that section 22 of the Workers' Compensation Law and the decision in *Matter of Dovi v Grand Union Co.* (*supra*) are inapposite to the facts at bar. It has been consistently held that when an insurer or payor pays out money by reason of a mistake of fact, it may recover its erroneous payment in an action in equity (see *National Life Ins. Co. v Jones,* 1 Thomp & C 466, affd 59 NY 649; *Masonic Life Assn. of Western N. Y. v Crandall,* 9 App Div 400; *Allcity Ins. Co. v Bankers Trust Co. of Albany,* 80 Misc 2d 899; *Graphic Arts Mut. Ins. Co. v Monello,* 44 Misc 2d 588; see, generally, 31 NY Jur, Insurance, § 1606; 44 NY Jur, Payment, § 96; Ann., Right of insurer to restitution of payments made under mistake, 167 ALR 470). Accordingly, Special Term correctly denied defendant's motion for summary judgment. However, Special Term erred in (1) granting plaintiff's cross motion for summary judgment in the full amount of the check sent to defendant by mistake, i.e., $9,805.66 and (2) awarding interest and costs on that money judgment. The essential inquiry in any action for restitution is "whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" (*Paramount Film Distr. Corp. v State of New York,* 30 NY2d 415, 421; Restatement, Restitution, § 1; 50 NY Jur, Restitution, §§ 1, 3). Among the broad considerations of equity and justice considered by the courts in suits of this nature is whether the defendant will suffer a detrimental, material and irrevocable change of position if restitution is ordered (44 NY Jur, Payment, § 106; Ann., Restitution — Payment Under Mistake, 40 ALR2d 997). As the

Court of Appeals stated in *Paramount Film Distr. Corp. v State of New York* (*supra,* p 422): "Generally, if a plaintiff's recovery will lead to an undue net loss to a defendant by reason of a changed position * * * then the parties being equally innocent, recovery may be denied (*Ball* v. *Shepard,* 202 N. Y. 247, 253-254; *Matter of Harned,* 149 Misc. 476, 478-479 [WINGATE, S.]; 44 N. Y. Jur., Payment, §§ 105-106; see, generally, Ann., Restitution — Payee's Change of Position, 40 ALR 2d 997". The record at bar indicates that (1) plaintiff sent a check in the amount of $9,805.66 by mistake to defendant on April 18, 1975 instead of sending it to the fund which was to distribute therefrom the sum of $24 per week to defendant and (2) plaintiff eventually sent another check to the fund in the amount of $9,805.66, and the fund acknowledged receipt of same by letter dated June 16, 1976. The record suggests that due to this mistake by plaintiff, defendant may not have received some, or all, of the $24, weekly payments from the fund to which she was entitled (by virtue of the board's order dated November 7, 1974) during the period of April 18, 1975 to June 16, 1976. It is also unclear whether defendant can, at this juncture, obtain from the fund any moneys that were not paid to her during the aforesaid period. A hearing is therefore required at which time defendant will have the opportunity of meeting her burden of showing that a recovery by plaintiff of the full amount demanded would cause a detrimental change in her position with regard to any benefits due her from the fund (see *Hathaway v County of Delaware,* 185 NY 368). Accordingly, the matter is remitted to Special Term for a resolution of this particular issue and the entry of a new money judgment based thereon. Finally, we note that the original judgment entered against defendant improperly included interest in the amount of $4,103.80 and costs in the amount of $25. Any judgment to be entered against defendant should not include interest or costs since "[t]he error which necessitated this litigation was the plaintiff's and it would be unfair to charge defendant" for same (see *Allcity Ins. Co. v Bankers Trust Co. of Albany,* 80 Misc 2d 899, 902, *supra;* CPLR 5001, subd [a]; 8101). Lazer, J. P., Mangano, Gibbons and Brown, JJ., concur.