■ In the Matter of the Claim of NETTIE COLLIER, Respondent, v SIMMONDS PRECISION, INC., Employer, and AMERICAN MOTORISTS INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mikoll, J. Appeal from a

decision of the Workers' Compensation Board, filed July 24, 1985.

There are two discrete issues before us: (1) whether the carrier's failure to pay compensation at the rate of $47.29 per week pursuant to the award of benefits made by the Workers' Compensation Law Judge on October 30, 1980 was in violation of Workers' Compensation Law § 22, and (2) whether the carrier's failure subjects it to a penalty pursuant to Workers' Compensation Law § 25 (1) (e).

The facts herein are undisputed. An award was made to claimant for disability arising out of an industrial accident. The original award called for compensation from March 30, 1979 to January 4, 1980 at the rate of $95 per week with payments to be continued at the same rate. The carrier appealed and filed a C-8 form indicating that in making payments, it was taking credit for overpayments at the rate of $10 per week. On rehearing, the compensation award was amended to $47.29 per week from March 20, 1979 to October 22, 1980 with a direction to continue payments at that rate. The carrier filed C-8 forms dated November 20, 1980 and January 23, 1981 which reflected overpayments of $1,248.06 as of November 3, 1980 and noted that $11.43 would be deducted from the weekly payments until the overpayment was returned. Claimant objected to the deduction. The Workers' Compensation Law Judge found that no penalty was indicated. The Workers' Compensation Board reversed and ordered a penalty to be imposed pursuant to Workers' Compensation Law § 25 (1) (e).

The carrier contends that Workers' Compensation Law § 22 is enabling in nature rather than a specific direction and must be implemented by rules or by order in particular instances. Since there was no implementation by use of rule-making power nor by a specific direction by the Board after a request by any party, the carrier argues that it was free to proceed as it did to recoup its overpayment in a reasonable and appropriate manner since the Board failed to exercise its discretionary power.

In *Matter of Dovi v Grand Union Co.* (64 AD2d 343), this court recognized the exclusive jurisdiction of the Board for directing the method and manner of recoupment of overpayments. We thus disagree with the carrier's interpretation of the statute. The statute is clear and unambiguous in granting to the Board the sole right to determine recoupment *(see, Matter of Bales v Post Serv. Sta.,* 277 App Div 818).

Decision affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.