Lorraine P. STANFORD, Executrix of
the Estate of William L.
Stanford, Plaintiff,

v.

KUWAIT AIRWAYS CORPORATION,
Pan American World Airways, Inc.,
Northwest Airlines, Inc., Middle East
Airlines Airliban, S.A., and Internation-
al Air Transport Association, Defend-
ants.

Edwena R. HEGNA, Executrix of the Es-
tate of Charles F. Hegna, Plaintiff,

v.

KUWAIT AIRWAYS CORPORATION,
et al., Defendants.

Nos. 85 Civ. 0477 (SWK), 85 Civ.
2448 (SWK).

United States District Court,
S.D. New York.

Oct. 20, 1986.

Dupont, Tobin, Levin, Carberry & O'Mal-
ley, New London, Conn. by Ralph P. Du-
pont, for plaintiffs.

Curtis, Mallet-Prevost, Colt & Mosle,
New York City by John N. Romans and
Diane da Cunha, for defendant Intern. Air
Transport Ass'n.

KRAM, District Judge.

Defendant International Air Transport
Association ("IATA") now moves this
Court for summary judgment pursuant to
Fed. R.Civ.P. 56. The underlying facts of
the above captioned actions are set forth in
full in *Stanford and Hegna v. Kuwait
Airways Corp.*, 648 F.Supp. 657, Nos. 85–
0477, –2448 (SWK), *slip op.* (S.D.N.Y. Octo-
ber 8, 1986), familiarity with which is as-
sumed.

In a motion for summary judgment, the
moving party bears the burden of showing
the absence of any material issues of fact
to be tried. *Eastway Construction Corp.
v. City of New York*, 762 F.2d 243, 249 (2d
Cir.1985); *National Bank of Canada v.
Artex Industries, Inc.*, 627 F.Supp. 610,
613 (S.D.N.Y. 1986). "[T]he court cannot
try issues of fact [in a motion for summary
judgment]; it can only determine whether
there are issues to be tried." *Schering
Corp. v. Home Insurance Co.*, 712 F.2d 4,
9 (2d Cir.1983), *quoting Heyman v. Com-
merce & Industry Insurance Co..* 524 F.2d
1317, 1319–20 (2d Cir.1975). *See Anderson
v. Liberty Lobby, Inc.*, —— U.S. ——, 106
S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Court finds that the parties' plead-
ings, affidavits and memoranda of law
demonstrate that there exists a genuine
issue of material fact. The Court cannot,
therefore, grant IATA's motion for summa-
ry judgment. *Cf. Celotex Corp. v. Catrett*,
—— U.S. ——, 106 S.Ct. 2548, 2553, 91
L.Ed.2d 265 (1986); *Integrity Insurance*

*Co. v. Hofer,* No. 84–6095, *slip op.* at 6 (S.D.N.Y August 26, 1986).

## DISCUSSION

The material issue of fact is IATA's role in promulgating the security standards for, and providing on-site security inspections of, the various airports and air carriers involved in the facts of this case. Plaintiffs have demonstrated there is an issue of fact regarding their allegation that IATA willfully, recklessly or negligently breached its duty to plaintiffs' decedents.

The Court recognizes that plaintiffs were prevented from obtaining most of their requested discovery on this issue. The fact that plaintiffs were denied an adequate opportunity for discovery before this motion was filed could in itself, be a reason to deny IATA's motion for summary judgment. *Wade v. Johnson Controls, Inc.,* 693 F.2d 19, 22 (2d Cir.1982); *County of Suffolk v. Long Island Lighting Co.,* 554 F.Supp. 399, 408 (1983); *In re Agent Orange Product Liability Litigation,* 506 F.Supp. 750, 752 (E.D.N.Y. 1980). The Court finds, in any event, that plaintiffs have shown that there exists a genuine issue of fact. *See Anderson v. Liberty Lobby, Inc., supra,* —— U.S. ——, 106 S.Ct. 2505. Although defendant contends that no legal duty was owed by defendant to plaintiffs, the Court cannot now, considering the dearth of facts available to plaintiffs and to the Court, find that no legal duty might have existed between defendant and plaintiffs.

Accordingly, IATA's motion for summary judgment is denied, without prejudice to renew with leave of the Court after discovery is completed.

IATA also moves this Court under Fed. R.Civ.P. 11 to impose sanctions on plaintiffs' counsel, alleging that plaintiffs' suits are "baseless both as to law and to fact".

The Court disagrees with IATA's allegation, and IATA's Rule 11 motion is therefore denied.[1]

SO ORDERED.

---

**1.** IATA's argument in support of its Rule 11 motion, and its assertion that decedents "assumed the risk" of their terrorist hijacking and murder, are identical to those advanced by defendant Northwest Airlines, Inc. in its motion for summary judgment. The Court discusses those arguments in its Memorandum Opinion and Order in *Stanford v. Kuwait Airways Corporation, et al.,* 648 F.Supp. 1158, 1163 (S.D.N.Y. 1986). The Court directs defendant IATA to its discussion there.