■ JOHN E. FITZNER, Plaintiff, v SCHENECTADY TRUST COMPANY, Defendant and Third-Party Plaintiff-Respondent. CHRISTINE FITZNER, Third-Party Defendant-Appellant.—Weiss, J. Appeal from an order of the Supreme Court (Lynch, J.), entered February 2, 1987 in Schenectady County, which granted third-party plaintiff's motion for summary judgment.

In March 1983, plaintiff executed a limited power of attorney authorizing his wife, Christine Fitzner (hereinafter Fitzner), to conduct banking transactions on behalf of his business. The power of attorney was placed on file with defendant, Schenectady Trust Company, at its Rotterdam branch office. In May 1985, plaintiff ostensibly executed a written termination of the power of attorney at Schenectady Trust's Rotterdam office. On July 31, 1985, Fitzner presented to Schenectady Trust's Stuyvesant Plaza office a countercheck in the amount of $4,800, which she endorsed using her power of attorney. Schenectady Trust paid the check as presented. Thereafter, plaintiff commenced the instant action against Schenectady Trust seeking recovery for the unauthorized withdrawal of funds. Insofar as here pertinent, Schenectady Trust commenced a third-party action against Fitzner for indemnification. Supreme Court granted plaintiff summary judgment in the primary action, and also granted summary judgment to Schenectady Trust on its indemnification claim. This appeal by Fitzner ensued.

We affirm. In support of his motion, plaintiff included the

deposition testimony of Richard J. Turnbill, branch manager at Schenectady Trust's Rotterdam office, who acknowledged that he prepared a handwritten cancellation of the power of attorney in May 1985 and witnessed plaintiff's signature. Turnbill further explained that he forwarded the termination document to Schenectady Trust's demand accounting area, but that the document had been misplaced and was not on file. This uncontradicted testimony established a valid termination of the power of attorney in May 1985, notwithstanding plaintiff's failure to document the event (see, 2 NY Jur 2d, Agency, § 69; Restatement [Second] of Agency § 135 [1958]). Since the power of attorney was effectively revoked at the time of the challenged withdrawal, plaintiff was entitled to reimbursement as a matter of law. Contrary to Fitzner's position, the fact that she may not have received notice of the termination does not vitiate the termination insofar as Schenectady Trust's duty to plaintiff is concerned.

We further agree that Schenectady Trust was entitled to summary judgment on its indemnification claim. The general rule is that "Money paid on a negotiable instrument under a mistake of fact may be recovered back from one who in equity and good conscience is not entitled to retain it, the mistake having reference to a belief in the existence of a fact which, if true, would have justified or required the payment" (42 NY Jur, Negotiable Instruments, § 585, at 240-241 [1965]). The instant case falls squarely within this rule for the payment was clearly made on the mistaken assumption that the power of attorney remained in effect, and Fitzner was not otherwise entitled to the funds. Even accepting that Fitzner was unaware of the termination of her authority, and regardless of Schenectady Trust's negligence in making the payment, Schenectady Trust is entitled to recover the funds (see, Hathaway v County of Delaware, 185 NY 368, 371; National Bank of Commerce v National Mechanics' Banking Assn., 55 NY 211, 213; Manufacturers Trust Co. v Diamond, 17 Misc 2d 909; 42 NY Jur, Negotiable Instruments, § 585, at 242 [1965]). In sum, Schenectady Trust established its right to indemnification as a matter of law, and we accordingly affirm.

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.