OPINION OF THE COURT
Edward J. Greenfield, J.
Our patron saint of frugality, Benjamin Franklin, commented in Poor Richard’s Almanac that “A penny saved is a penny earned.” How much more delightful it is to save your pennies on someone else’s earnings!
Plaintiff bank sues the defendant, one of its depositors, for willful conversion and for money had and received as a result of sums mistakenly credited to the defendant’s account. Defendant interposes as affirmative defenses “absence of contributory negligence” and reliance on the bank’s negligent acts to her detriment. Evidently, the law firm which represents defendants, which has embarked upon unprecedented widespread television solicitation of clients, seeks here to create the novel and innovative doctrine of “windfall by estoppel.” Plaintiff bank moves to dismiss the affirmative defenses and for summary judgment.
Defendant is an unemployed woman on public assistance. She receives a payment of $92 every two weeks. She maintained a checking account with the plaintiff bank and on December 11, 1979 had a balance of $30.95. On December 13, 1979, the bank which was supposed to credit the account of another of its depositors, the Banco de Chile, *749 mistakenly credited the account of the defendant in the sum of $23,715. The mistake evidently arose when during the course of processing the credit, the bank inadvertently microencoded. the defendant’s account No. 010 22666 thereon, instead of the account number of the Banco de Chile, No. 109 22666. The defendant asserts that she truly believed that the money had been deposited in her account by the sponsor of one of the contests she regularly entered. No details are supplied as to what contest, and what sponsor, nor is explanation given as to how the sponsor would know the name of her bank and her account number. Nothing is set forth to indicate that she had ever been notified by anyone of such an actual or potential windfall.
The pattern of the account appears to belie defendant’s pretensions of innocence. Against her $30.95 balance, she had written check No. 123 which was debited to her account in the sum of $30.70 on December 17, 1979, which would have left her with a balance of 15 cents. Three other checks were presented on her account thereafter in the sums of $10, $20 and $30, respectively, which, but for the mistaken credit given on December 13, 1979 would have left her account overdrawn in the sum of $63.59. On January 2, 1980, the bank issued its monthly statement which showed that she had $5.41 in her savings account and $23,655.15 in her checking account. Acting on that delightful bit of information, defendant proceeded to write $6,323.60 in checks in the next few days. Then she tried for substantially larger stakes. She wrote check No. 163 for $75,000, check No. 165 for $4,000, check No. 166 for $20,000 and check No. 169 for another $20,000. Since, at this time, her account showed a balance of $17,331.55, only the $4,000 check was debited and the other $115,000 in checks were returned. Even this did not alert the bank however. Check No. 163 for $75,000 evidently was redeposited in February and bounced again, but it was not until March 4, 1980 that the bank became aware of its mistake and transferred the defendant’s remaining balance of $13,269.55 to its rightful owner. The bank now is attempting to recover the $10,445.45 for checks which were improperly paid out.
*750 The absence of “contributory negligence” by a defendant is no defense in an action for conversion. It is of no moment that plaintiff may have made a mistake, and through its negligence gave access to sums which defendant was able to convert to her benefit. Conversion is a willful tort, and the fact that defendant acted deliberately rather than negligently is not a defense.
Considerations of negligence likewise have no applicability in an action for money had and received, based upon a payment made under a mistake of fact. “An action for money had and received as well as an action to recover money paid under a mistake of fact, although actions at law, are based on equitable principles, requiring those who receive money under certain circumstances to repay the moneys on the ground that to permit the retention of such moneys would be against equity and good conscience (Schank v. Schuchman, 212 N. Y. 352; Rothrock Syosset v. Kreutzer, 2 AD2d 777; New York Life Ins. Co. v. Guttenplan, 30 N. Y. S. 2d 430, affd. 259 App. Div. 1004, affd. 284 N. Y. 805).” (Cukierski v Standard Milling Co., 60 Misc 2d 690, 691.) While the bank may have been careless, it is nonetheless entitled to be relieved from the consequences of its mistake. (Ball v Shepard, 202 NY 247, 253; Hathaway v County of Delaware, 185 NY 368, 370; Kingston Bank v Eltinge, 40 NY 391, 396.) “[T]he law will compel restitution from a person who obtains money or property from another * * * unjustly, or without authority.” (Pink v Title Guar. & Trust Co., 274 NY 167, 173; MacMurray v City of Long Beach, 292 NY 286.)
Defendant asserts that she “relied to her detriment” upon the negligent acts of plaintiff. That reliance consisted of writing checks in excess of $125,000, some of which she was able to distribute to her relatives — how much for them and how much for herself is not stated. Some detriment! The bank did not attempt to mislead her and she has not changed her position to her irreparable damage. Reliance to one’s detriment may be the basis of an action for fraud, or the predicate for a defense of estoppel. Here the bank neither defrauded the defendant, nor did it make knowing misrepresentations. Hence, assertion of “windfall by estoppel” cannot be sustained.
*751 There being no valid legal or factual defense to this action, this court cannot condone the unjust enrichment of the defendant and must grant plaintiff’s motion for summary judgment.