■ MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, Respondent, v ARCTURUS BUILDERS INC., et al., Appellants.—Judgment, Supreme Court, New York County (Shirley Fingerhood, J.), entered December 20, 1988, awarding summary judgment in favor of plaintiff and against the defendants in the sum of $98,607.57, unanimously affirmed, with costs and disbursements.

This is an action to recover an erroneous credit of $106,785.91 which, as a result of the inversion of two digits of another customer's account, plaintiff Merrill Lynch made to the account of defendant Arcturus Builders Inc. For four months previous to this erroneous credit, Arcturus had maintained less than $1,000 in its account. Defendant John Schaefer, the president of Arcturus, wrote three checks totaling $100,000 against this account to Arcturus Builders Inc. and to the remaining defendant, Schaefer Enterprises, Ltd., leaving only $8,162.15 in the Arcturus account.

Plaintiff sued for money had and received, conversion and fraud, and moved for summary judgment on the issues of liability and compensatory damages on the grounds that, as a matter of law, defendants had no right to assume the accuracy of a mistaken cash deposit of $106,785.91 into an account that previously contained less than $1,000 and that defendants committed fraud and conversion when they collectively withdrew $100,000 from the account. In opposition to the motion, defendant Schaefer submitted an affidavit claiming that defendants had reasonable cause to believe that they were entitled to the money based upon a vague story about an unnamed, now-deceased president of an unnamed corporation, allegedly indebted to Arcturus for an unstated amount for unspecified reasons, who was assumed to have made a direct deposit into Arcturus' account at Merrill Lynch for more than the unspecified debt, and that Schaefer supposedly thought that the difference was a "retainer" for future business. We agree with the IAS court's finding that Schaefer's story was incredible, and that defendants' papers were fatally deficient, being devoid of any supporting facts. In the absence of evidentiary proof in admissible form sufficient to require a trial of material questions of fact, summary judgment was properly granted to plaintiff. (*Zuckerman v City of New York,* 49 NY2d 557, 562; *Citibank v Warner,* 113 Misc 2d 748.)

The defendant Schaefer is personally responsible for the full amount taken. A corporate officer is personally responsible for any conversion of a third party's property committed in the scope of his employment, and "it is no defense to personal liability that the officer or agent may have been acting on behalf of a corporate principal". (*Ingram v Machel & Jr. Auto Repair,* 148 AD2d 324, 325, *appeal dismissed* 74 NY2d 792; *see also, Armada Supply v S/T Agios Nikolas,* 613 F Supp 1459, 1471.) Moreover, under New York law, the liability of coconspirators is joint and several, notwithstanding the amount of any direct benefit conferred upon them through a fraudulent

transaction. *(Superintendent of Ins. of State of N. Y. v Freedman,* 443 F Supp 628, 638, *affd* 594 F2d 852; *Lumbard v Maglia, Inc.,* 621 F Supp 1529, 1536.)

Finally, defendants attempted to rely upon a provision on the back of each Merrill Lynch statement which provided: "This statement of account shall be deemed conclusive if not objected to within ten (10) days". Clearly, this provision was intended to prevent unauthorized transactions by an account representative *(Ellwood v Mid States Commodities,* 404 NW2d 174, 182 [Iowa]), and cannot be used to reap a windfall which clearly was the result of an obvious mistake that none of the defendants had any reason to rely upon. Concur—Sullivan, J. P., Milonas, Rosenberger and Smith, JJ.