CREDIT LYONNAIS–NEW
YORK, Plaintiff,

v.

WASHINGTON STRATEGIC
CONSULTING GROUP,
INC., Defendant.

Civ. A. No. 94–1888 (JR).

United States District Court,
District of Columbia.

May 12, 1995.

George W. Miller, Sten Jensen, Hogan & Hartson L.L.P., Washington, DC, for plaintiff.

William R. Martin, Washington & Christian, Washington, DC, for defendant.

### MEMORANDUM OPINION

ROBERTSON, District Judge.

This action by a New York bank against a Washington-based consulting firm seeks the return of $171,821.30 erroneously paid by wire transfer. Plaintiff moves for summary judgment. There are no genuine issues of material fact. Plaintiff is entitled to judgment as a matter of law.

On December 24, 1993, Credit Lyonnais–New York made a wire transfer to Franklin National Bank in favor of its depositor Washington Strategic Consulting Group, in the amount of $171,821.30. It did so at the request of its affiliate SCB Credit Lyonnais–Cameroon, which in turn was acting for its customer in Cameroon—Washington Strategic's client. Four days later, SCB Credit Lyonnais–Cameroon wired Credit Lyonnais–New York to inquire whether the requested payment had been made. Credit Lyonnais–New York, mistakenly thinking that its Cameroon affiliate had requested another transfer, wired another $171,821.30 to Franklin National Bank, which duly deposited the funds to the account of Washington Strategic.

It took nearly six months for Credit Lyonnais–New York to discover its mistake. As soon as it did, it made demand upon Washington Strategic for the return of the funds. When that demand was resisted, Credit Lyonnais–New York brought this action, advancing theories of unjust enrichment, money had and received, constructive trust, and conversion.

■ Unless there is a genuine issue of material fact, the outcome of this case is controlled by settled law: Where one person receives money that in equity and good conscience belongs to another, an action will lie for "money had and received." *Hillyard v. Smither & Mayton, Inc.,* 76 A.2d 166, 167 (D.C.1950). In New York, where the plaintiff resides, the action is called "money received by mistake." *Citibank N.A. v. Warner,* 113 Misc.2d 748, 449 N.Y.S.2d 822, 823 (N.Y.Sup.Ct.1981). The equitable doctrine of unjust enrichment is very similar. *See, e.g., 4934, Inc. v. District of Columbia Dep't of Employment Services,* 605 A.2d 50, 56 (D.C. 1992).

Washington Strategic's theory of defense is that the second payment was in fact authorized, or in any case that Washington Strategic was entitled to the money because its client still owed it about $170,000 when the second wire transfer arrived. The trouble with this theory is that it does not raise or depend upon a *material* issue of fact. The unjust enrichment issue is drawn between Credit Lyonnais–New York and Washington Strategic. *See 4934, Inc., supra,* 605 A.2d at 56. Washington Strategic's Cameroonian client is not a party, and the question whether the client owed the money or authorized its payment is not material to that narrowly drawn issue.

■ In any case, Washington Strategic has identified no record evidence on its authorization theory—even though it would appear that Washington Strategic has the more direct access to the necessary proof—nor has Washington Strategic filed Rule 56(f) affidavits setting forth reasons why it cannot sustain its burden at this stage. Because the particular circumstances of this case place the duty to go forward with controverting facts upon Washington Strategic, its failure to discharge that duty entitles Credit Lyonnais–New York to summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 321–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Tarpley v. Greene,* 684 F.2d 1, 6–7 (D.C.Cir.1982).

■ There remains only the question whether Credit Lyonnais–New York is entitled to recover prejudgment interest on the money it mistakenly sent to Washington Strategic. Plaintiff has filed a post-hearing memorandum asserting its entitlement to prejudgment interest from and after its June 1994 repayment demand, on the ground that the required payment is "a liquidated debt" within the meaning of D.C.Code § 15–108. Plaintiff's analysis is closely reasoned under District of Columbia precedents, but the injury in question occurred in New York. The conduct causing the injury also occurred in New York. Credit Lyonnais–New York is a New York corporation. New York appears to have the stronger policy interest in this case. *See Rymer v. Pool,* 574 A.2d 283, 285 (D.C.1990). Under New York law, the award *vel non* of prejudgment interest in a case of an equitable nature is within the discretion of the trial court. N.Y.Civ.Prac.L. & R. § 5001 (Consol.1994). It was the error of Credit Lyonnais–New York that created the dispute. It would be unfair to charge Washington Strategic for Credit Lyonnais–New York's lost interest, particularly in view of the long period of time that elapsed before Credit Lyonnais–New York discovered its mistake and demanded repayment and the manifest dislocation caused to Washington Strategic by the error and the timing of its discovery. *See National Bank of Canada v. Artex Industries, Inc.,* 627 F.Supp. 610, 616 (S.D.N.Y.1986) (granting bank judgment for money paid by mistake but declining to award prejudgment interest).

An appropriate order will issue with this memorandum.

### ORDER

For reasons stated at oral argument on defendant's motion for summary judgment held on April 26, 1995 and in a memorandum

opinion issued this date, it is this 12th day of May 1995,

**ORDERED** that plaintiff's motion for summary judgment [# 10] is granted, and that defendant repay to plaintiff the sum of $171,821.30.