(August 7, 1997)

■ AMERICAN TRANSIT INSURANCE COMPANY, Appellant, v RONALD FAISON, Respondent. [661 NYS2d 624] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered October 30, 1996, which denied plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs and disbursements, and the motion granted. The Clerk is directed to enter judgment accordingly in favor of plaintiff.

Plaintiff's motion for summary judgment contained an affidavit of an employee of plaintiff, accompanied by wage statements of defendant, which explained that defendant was entitled to 80% of his average yearly earnings or the total of $1,397.30 for no-fault benefits for lost wages resulting from an accident. Defendant was erroneously paid the sum of $36,633.36, representing an overpayment of $35,236.06. In opposition, defendant did not deny that the computations of plaintiff as to his lost wages were correct. However, he alleged that an adjuster for plaintiff "schemed" to get the money for him and that he had paid the adjuster the sum of $10,000.

Since the facts were uncontroverted that defendant's earnings did not entitle him to the amount paid and that he mistakenly received an overpayment, plaintiff's motion for summary judgment should have been granted. If defendant's claim that he received the overpayment due to a conspiracy to defraud plaintiff in a "scheme" by an adjuster is true, then defendant is a co-conspirator and is jointly and severally liable for the full amount paid. "[U]nder New York law, the liability of co-conspirators is joint and several, notwithstanding the amount of any direct benefit conferred upon them through a fraudulent transaction" (*Merrill Lynch, Pierce, Fenner & Smith v Arcturus Bldrs.*, 159 AD2d 283, 284-285). Consequently, whether the overpayment was the result of negligence or due

to an intentional conspiracy between defendant and plaintiff's adjuster, plaintiff is still entitled to recover the amounts wrongfully overpaid to defendant. Concur—Murphy, P. J., Sullivan, Nardelli and Tom, JJ.