■ FREDRIC M. REED & COMPANY, INC., Appellant, v IRVINE REALTY GROUP, INC., et al., Respondents. [723 NYS2d 19] —Order, Supreme Court, New York County (Franklin Weissberg, J.), entered February 16, 2000, which granted defendants' motion for summary judgment dismissing the remaining cause of action alleged in plaintiff's complaint, unanimously affirmed, without costs.

Plaintiff, in its remaining cause of action, alleges that defendants breached their fiduciary duty to their former employer, plaintiff's affiliate Reed International, by forming and joining a competitor, defendant Irvine Realty, and thereafter using confidential information acquired from Reed International to lure Reed International's clients to Irvine Realty. There is, however, no basis to conclude that the incorporation of Irvine Realty by defendant Irvine prior to his departure from Reed International, constituted a breach of Irvine's fiduciary duty to Reed International since there is no indication that, in setting up the new corporation, Irvine used plaintiff's time, facilities or proprietary secrets (*see*, *Schneider Leasing Plus v Stallone*, 172 AD2d 739, *lv dismissed* 78 NY2d 1043; *Metal & Salvage Assn. v Siegel*, 121 AD2d 200). Nor is there any sustainable claim of breach of fiduciary duty against defendants premised upon the theory that, subsequent to their departure from Reed International and their assumption of positions with Irvine Realty, they competed with their former employer using confidential customer information compiled by their former employer. It is plain that the bulk of Reed's departing clientele were corporate clients whose identities and contact information were easily ascertainable. No liability or right to injunctive relief arises from defendants' solicitation of such clients (*see*, *Leo Silfen, Inc. v Cream*, 29 NY2d 387, 392). As to the individual clients of Reed International solicited by defendants Irvine and Nash subsequent to their association with Irvine Realty, these clients were not identified by defendants from confidential client lists. In the absence of a covenant between the parties restricting defendants' solicitation of these former Reed International clients, their solicita-

tion was not actionable (*see, Leo Silfen, Inc. v Cream, supra; Metal & Salvage Assn. v Siegel, supra*). We note, moreover, that no triable issue is presented as to whether plaintiff's client lists were in fact confidential. There is no evidence that Reed International's lists were protected by confidentiality agreements or confidentiality protocols. Rather, the evidence discloses that client information was scattered throughout Reed International's office in unlocked files.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Tom, Mazzarelli, Ellerin and Friedman, JJ.