■ FADA INTERNATIONAL CORP., Appellant, v ROWENA CHEUNG et al., Respondents. [870 NYS2d 23]—

Plaintiff does not allege that its former employee, defendant Cheung, stole its customer list or any confidential information. Rather, it maintains that the use of its client contact information, of which Cheung was aware from her 20 years on the job, to solicit business for her new company constituted a misappropriation of confidential information. Defendants did not steal the information, and since plaintiff's "customers are readily ascertainable outside the employer's business as prospective users or consumers of the employer's services or products," the trade secret protection does not attach (*Leo Silfen, Inc. v Cream*, 29 NY2d 387, 392 [1972]). In the absence of a restrictive covenant, the nondisclosure agreement requiring that customer lists not be revealed cannot be interpreted as a noncompete agreement that protects plaintiff's goodwill.

The additional causes of action, for unfair competition and breach of contract, were duplicative of the causes for misappropriation of confidential information and goodwill. The final cause of action, for breach of the duty of loyalty, was also properly dismissed since there is no claim that defendants used plaintiff's time, facilities or proprietary secrets in setting up their new business (*Fredric M. Reed & Co. v Irvine Realty Group*, 281 AD2d 352 [2001], *lv denied* 96 NY2d 720 [2001]). Concur—Lippman, P.J., Gonzalez, Nardelli, Buckley and Acosta, JJ.