[925 NE2d 581, 898 NYS2d 542]

ASHLAND MANAGEMENT INCORPORATED, Respondent, v ALTAIR INVESTMENTS NA, LLC, et al., Appellants.

Argued February 11, 2010; decided March 25, 2010

## APPEARANCES OF COUNSEL

*Gordon & Haffner, LLP*, Harrison (*David Gordon* of counsel), for appellants.

*Grayson & Associates*, Greenwich, Connecticut (*Eric D. Grayson* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified, without costs, by dismissing the first, second, third, fourth and seventh causes of action to the extent they seek injunctive relief or damages for defendants' misappropriation of client lists or trade secrets prior to their resignation, and otherwise affirmed. The certified question should be answered in the negative.

The confidentiality agreements executed by defendants did not prohibit them from soliciting plaintiff's clients or contacting its business referrers after their termination of employment. Moreover, plaintiff failed to raise a triable issue of fact as to whether its customer lists constituted a trade secret (*see Leo Silfen, Inc. v Cream*, 29 NY2d 387 [1972]) and whether defendants improperly used plaintiff's performance data or took any

confidential customer information before leaving plaintiff's employ. But plaintiff did raise questions of fact regarding whether defendants breached their fiduciary duties by using plaintiff's time and resources to form a new business and promote themselves while still working for plaintiff. An issue of fact also exists as to whether defendants improperly accessed plaintiff's Federal Express account to discover client information after their employment with plaintiff had ceased.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed. Certified question answered in the negative.