■ COASTAL SHEET METAL CORP. et al., Appellants, v HARRY VASSALLO et al., Respondents. [904 NYS2d 62]—

Order, Supreme Court, Bronx County (Nelson S. Román, J.), entered on or about April 24, 2009, after a nonjury trial, which,

insofar as appealed from, found against plaintiffs on their causes of action for usurpation of corporate opportunity and breach of fiduciary duty, and for an accounting, a constructive trust and a declaratory judgment, and awarded plaintiffs zero damages on their breach of contract cause of action, and found that plaintiffs breached their employment agreement to pay severance compensation to defendant Harry Vassallo, unanimously modified, on the law and the facts, to find that Vassallo breached his fiduciary duty and that plaintiffs did not breach the employment agreement, and to increase the award of damages to plaintiffs from $1,963.56 to $70,598.56, and to reduce the award of damages to Vassallo from $35,211.76 to $2,211.76, and otherwise affirmed, without costs.

Vassallo's incorporation of Complete Spiral Manufacturing, Inc. (Spiral), a competing business, did not usurp a corporate opportunity belonging to his employer, Coastal Sheet Metal Corporation (Coastal), since the purchase of spiral duct machinery was neither "necessary" for nor "essential" to Coastal's line of business and Coastal had no "interest" or "tangible expectancy" in the opportunity (see *Alexander & Alexander of N.Y. v Fritzen*, 147 AD2d 241, 247-248 [1989] [internal quotation marks omitted]). However, by, among other things, running Spiral on Coastal's premises at the same time that he was managing Coastal, converting assets belonging to Coastal in operating Spiral, and executing a sublease of Coastal's space to Spiral on highly favorable terms, Vassallo, as the then-president of Coastal, breached his fiduciary duty to the corporation (see *Ashland Mgt. Inc. v Altair Invs. NA, LLC*, 59 AD3d 97, 107 [2008], *mod on other grounds* 14 NY3d 774 [2010]). Accordingly, plaintiffs are entitled to a return of the wages they paid to Vassallo during the seven-month period in which he was a disloyal employee (see *Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d 81, 91 [1984], *appeal dismissed* 63 NY2d 675 [1984]), i.e., $68,635.

While plaintiffs did not challenge Vassallo's claim that they failed to pay him severance compensation, they challenged his entitlement to severance on the ground that his breach of the severance agreement rendered the agreement nonbinding. In view of the clear language of the agreement, the court's finding that Vassallo breached his employment agreement by "violat-[ing] the trust of his position" negates Vassallo's claim for severance, as a matter of law. Accordingly, the award of severance pay is vacated, and the amount of damages awarded to Vassallo fixed at $2,211.76, representing compensation for six earned vacation days and 11 hours of work at $71 per hour.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Freedman, Richter and Abdus-Salaam, JJ.