JFK Family Ltd. Partnership et al., Appellants-Respondents, v Millbrae Natural Gas Development Fund 2005, L.P., et al., Respondents-Appellants. [932 NYS2d 104]—

The plaintiffs are investor partners in the defendant Millbrae Natural Gas Development Fund 2005, L.P. (hereafter the partnership). The partnership is a private Delaware limited partnership that invests in a diversified portfolio of developmental drilling operations and existing gas and oil wells. The managing partner of the partnership is the defendant Millbrae Natural Gas 2005, LLC (hereinafter the managing partner). The defendant Stewart Reid is the managing partner's principal, the founder of the partnership, and the chief executive officer of Millbrae Energy, LLC, a managing company that performs certain tasks for the managing partner, the partnership, and their affiliates. The defendant Robert E. King is an officer and acting General Counsel for the managing partner. The defendant Charles Boyce is the chief operating officer and executive vice president of Millbrae Energy, LLC. The plaintiffs' involvement in the partnership is governed by a collection of documents comprising a partnership agreement, which also contain a Delaware choice of law provision.

From 2006 to 2007, the plaintiffs made a number of requests to the managing partner for, inter alia, a copy of the list of the other investor partners participating in the partnership (hereafter the participant list), in accordance with various provisions in the partnership agreement allowing them access to the participant list. These requests were ultimately and effectually rejected by the managing partner. The plaintiffs then commenced this action alleging, inter alia, that the refusal to provide them with the participant list amounted to a breach of

the partnership agreement (first cause of action), as well as a breach of the defendants' fiduciary duty because they knowingly breached the partnership agreement for their own benefit (third cause of action).

A bifurcated nonjury trial was held on, inter alia, the first and third causes of action, over the plaintiffs' objection. The plaintiffs contended that the third cause of action was not ready for trial based on outstanding discovery. The trial court did not improvidently exercise its discretion in directing the parties to proceed to trial, since the record shows that the complained of discovery was either available to or obtained by the plaintiffs, and they failed to establish prejudice (cf. *Rodrigues v City of New York*, 215 AD2d 176 [1995]).

In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Novair Mech. Corp. v Universal Mgt. & Contr. Corp.*, 81 AD3d 909, 909-910 [2011]; *Baygold Assoc., Inc. v Congregation Yetev Lev of Monsey, Inc.*, 81 AD3d 763, 764 [2011], *lv granted in part* 17 NY3d 755 [2011]). In exercising that power, we find no reason to disturb the trial court's dismissal of the third cause of action.

Under Delaware law, as in New York, in order to establish a breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary duty and that the defendant breached that duty, resulting in damages (*see Beard Research, Inc. v Kates*, 8 A3d 573 [Del Ch 2010], *affd sub nom. ASDI, Inc. v Beard Research, Inc.*, 11 A3d 749 [Del Sup Ct 2010]; *Kurtzman v Bergstol*, 40 AD3d 588, 590 [2007]). A fiduciary, such as the managing partner herein, breaches its fiduciary duty to the other partners when it takes an action for its own improper personal benefit (*see Kahn v Portnoy*, 2008 WL 5197164, 2008 Del Ch LEXIS 184 [Del Ch 2008]; *see also Lirosi v Elkins*, 89 AD2d 903, 906 [1982]). Here, we agree with the trial court's determination of nonliability on the third cause of action, since the defendants did not engage in willful misconduct for their personal benefit or actions they knew not to be in the best interests of the partnership when the participant list was withheld (*see Gelfman v Weeden Investors, LP*, 859 A2d 89, 115 [Del Ch 2004]).

The defendants' contention that the first cause of action alleging breach of contract should have been dismissed pursuant to Delaware's "improper purpose defense" is without merit.

Under Delaware's " 'improper purpose defense,' " a court may deny a partner's request for access to partnership records, such as the participant list request herein, "when (i) neither an explicit contractual provision in a partnership agreement nor statutory language negate the notion that a partner must have a proper purpose and (ii) the partner denying another partner access to partnership business records can show that the partner seeking access is doing so for a purpose personal to that partner and adverse to the interests of the partnership considered jointly" (*Bond Purchase, L.L.C. v Patriot Tax Credit Props., L.P.*, 746 A2d 842, 857 [Del Ch 1999]; *see Schwartzberg v CRITEF Assoc. Ltd. Partnership*, 685 A2d 365, 374 [Del Ch 1996]). Here, the defendants failed to demonstrate that the plaintiffs requested the participant list for a personal purpose, and that access would, more likely than not, actually harm the value of the partnership (*see Bond Purchase, L.L.C. v Patriot Tax Credit Props., L.P.*, 746 A2d at 859 [1999]). Accordingly, the trial court correctly rejected the defendants' improper purpose defense.

The parties' remaining contentions are without merit. Florio, J.P., Balkin, Leventhal and Cohen, JJ., concur.