■ VISUAL ARTS FOUNDATION, INC., Appellant, v LOUIS A. EGNASKO, Respondent, et al., Defendants. [939 NYS2d 13]—

Having demonstrated its entitlement to summary judgment on its cause of action under the faithless servant doctrine, plaintiff is entitled to damages on that cause of action. An employee "forfeits his right to compensation for services rendered by him if he proves disloyal" (*Lamdin v Broadway Surface Adv. Corp.*, 272 NY 133, 138 [1936]; *Coastal Sheet Metal Corp. v Vassallo*, 75 AD3d 422 [2010]; *Matter of Marceca*, 40 AD3d 318 [2007]). Plaintiff's evidence of the amount of compensation defendant Louis Egnasko, the disloyal employee, was paid during the relevant period was unrebutted.

Having been found liable on the aiding and abetting claims, Egnasko's co-defendants are jointly and severally liable for the damages resulting from Egnasko's fraud and breaches of fiduciary duty (*see Merrill Lynch, Pierce, Fenner & Smith v Arcturus Bldrs.*, 159 AD2d 283, 284-285 [1990]; *American Tr. Ins. Co. v Faison*, 242 AD2d 201 [1997]).

The motion court improperly denied plaintiff's request for sanctions in its entirety. The court is directed to conduct a hearing to quantify the damages that plaintiff incurred from those aspects of defendants' litigation conduct that were "frivolous," including, impeding discovery, the filing of meritless counterclaims and conduct which was "undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [2]). We note that, as Louis Egnasko is presently incarcerated, the hearing may be conducted through written submissions (*see* 22 NYCRR 130-1.1 [d]). Concur—Tom, J.P., Sweeny, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ. [**Prior Case History: 2011 NY Slip Op 30264(U).**]