Order, Supreme Court, New York County (Charles E. Ramos, J.), entered June 13, 2012, which, inter alia, granted petitioner’s motion to consolidate related actions and proceedings in New York County (index Nos. 104675/10 and 150095/12) and Kings County (index Nos. 21968/11 and 24753/11), unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 27, 2012, which, inter alia, denied respondents Jeffrey Siegel and Richard Siegel’s and June Siegel’s motions for summary judgment on their priority claims as to property and assets owned by certain of the “New Kontogiannis Entity Defendants” and to vacate an order of attachment issued against the assets and properties of the New Kontogiannis Entity Defendants, unanimously affirmed, without costs.
These actions and proceedings arise out of a massive mortgage fraud conspiracy perpetrated over the course of years by the “Kontogiannis Defendants” and the New Kontogiannis Entity Defendants, inter alia, which resulted in nine criminal convictions, and judgments, orders of restitution totaling more than $98 million, and orders of forfeiture in favor of petitioner (and another). Petitioner commenced this action in April 2010 alleging, inter alia, that certain defendants engaged in fraud and fraudulent conveyances for the purpose of hindering, delaying and defrauding petitioner and preventing it from ever receiving restitution. As its investigation continued, petitioner amended its complaint to add new allegations and parties. In November 2012, petitioner moved, inter alia, to file a third amended summons and complaint adding the New Kontogiannis Entity Defendants and for an ex parte order of attachment against the assets owned or controlled by those defendants, based on their knowing and active participation in the mortgage fraud scheme and related fraudulent conveyances. Several monetary and equitable judgments were entered in New York County in petitioner’s lavar, and in each case petitioner took the steps required to perfect the judgment and the order of attachment.
*523 June Siegel, in September 2011, and Jeffrey Siegel and Richard Siegel, in October 2011, commenced proceedings pursuant to CPLR article 52, in Supreme Court, Kings County, to enforce judgments that had been entered in Kings County in their favor as against defendant Thomas Kontogiannis.
In January 2012, petitioner commenced a special proceeding, pursuant to CPLR articles 52 and 62, against Thomas Kontogiannis, the Kontogiannis Defendants, the New Kontogiannis Entity Defendants, and the Siegels, inter alia, and moved to consolidate its special proceeding and the Siegels’ special proceedings in Kings County with its plenary action.
Although the Siegels’ consolidated enforcement action does not raise specific questions about the mortgage fraud scheme alleged in petitioner’s plenary action, the matters at issue all arise out of the fraudulent activities of the same defendants, and concern petitioner’s and the Siegels’ efforts to secure their rights and enforce judgments against the same assets. Indeed, the plenary action gave rise, directly, to petitioner’s enforcement action and thus to the priority dispute among the judgment creditors. Accordingly, “the interests of justice and judicial economy will best be served by a joint trial” (Richardson v Uess Leasing Corp., 191 AD2d 394, 396 [1st Dept 1993]). Given that these very parties and assets have been at the epicenter of the plenary action since 2010, separate adjudication of the special proceedings in Kings County would be a tremendous waste of the time, effort and resources of the courts of both New York and Kings Counties.
Venue in New York County is appropriate, because, of the three actions at issue, the plenary action was the first filed (see Ali v Effron, 106 AD3d 560 [1st Dept 2013]).
We reject the Siegels’ argument that the attachment order was improperly granted because petitioner makes no specific allegations against each of the New Kontogiannis Entity Defendants. Petitioner alleges a broad-based conspiracy involving all the Kontogiannis defendants, its knowledge of each defendant’s involvement having developed over a period of time, as is common in these types of cases. “[U]nder New York law, the liability of co-conspirators is joint and several, notwithstanding the amount of any direct benefit conferred upon them through a fraudulent transaction” (American Tr. Ins. Co. v Faison, 242 AD2d 201, 201 [1st Dept 1997]). We note that the judgments entered in the Siegel’s favor are against Thomas Kontogiannis only. Moreover, in their own underlying action, Jeffrey Siegel and Richard Siegel allege that Kontogiannis engaged in fraudulent activity using some of the New Kontogiannis Entity De *524 fendants, and that Kontogiannis is “a convicted criminal involved in immigration fraud, bribery, money laundering, and mortgage fraud” (see Blue Ridge Farms, Inc. v Kontogiannis, 26 Misc 3d 1206[A], 2009 NY Slip Op 52673[U], *1 [Sup Ct, Kings County 2009], affd 83 AD3d 982 [2d Dept 2011]).
Importantly, petitioner has not merely alleged conspiracy claims against these defendants, but has also succeeded on its claims, obtaining judgments that resulted in the subject attachment order and others. In connection with the application for the attachment order, petitioner submitted, and the court considered, thousands of pages of documentary evidence, including hundreds of pages of affidavits and attachments, as well as testimonial evidence. Thus, in contrast to the cases relied on by the Siegels, the court had more than supposition and bare conclusion before it in issuing the order.
We have considered the Siegels’ remaining arguments and find them unavailing. Concur — Tom, J.P., Sweeny, ManzanetDaniels, Feinman and Clark, JJ.