McKinnon Doxsee Agency, Inc. v Gallina (2020 NY Slip Op 05499)





McKinnon Doxsee Agency, Inc. v Gallina


2020 NY Slip Op 05499


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-05881
 (Index No. 22005/07)

[*1]McKinnon Doxsee Agency, Inc., et al., appellants,
v
Frank G. Gallina, et al., respondents.


Law Offices of Jason L. Abelove, P.C., Garden City, NY, for appellants.
Law Offices of David P. Fallon, PLLC, Sayville, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, unfair competition, and conversion, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered March 6, 2017. The judgment, upon a decision of the same court dated December 14, 2016, made after a nonjury trial, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is modified, on the law, by deleting the provisions thereof dismissing the causes of action alleging (1) breach of fiduciary duty insofar as asserted against the defendant Frank G. Gallina, (2) aiding and abetting a breach of fiduciary duty insofar as asserted against the defendant Daniel Marklin, and (3) unfair competition, and substituting therefor a provision awarding the plaintiffs judgment on the issue of liability on those causes of action; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages.
This action involves a dispute between an insurance agency, the plaintiff McKinnon Doxsee Agency, Inc. (hereinafter McKinnon Doxsee), and two of its former employees, the defendants, Frank G. Gallina and Daniel Marklin. When the defendants became employed as insurance agents by McKinnon Doxsee in 1993, they each brought with them a "book of business." At the time, the defendants each owned a one-half interest in their respective books of business; the other one-half interest was owned by the defendants' previous employer, an insurance agency known as MRW. On or about September 1, 1993, McKinnon Doxsee entered into an agreement with MRW, whereby McKinnon Doxsee purchased from MRW its one-half interest in the books of business.
Prior to the defendants commencing their employment with McKinnon Doxsee, they attempted to negotiate a plan whereby they would eventually transfer their one-half interest in their respective books of business to McKinnon Doxsee, in exchange for an ownership interest in that entity. While it was contemplated that eventually the defendants would take full ownership of McKinnon Doxsee, they never executed a written agreement as to that matter.
On or about September 1, 1993, the date of the purchase by McKinnon Doxsee of the interest in the subject books of business owned by MRW, McKinnon Doxsee entered into a written [*2]agreement with the defendants which has been referred to as the Danfords agreement. The agreement provided, inter alia, that if the defendants were to separate from McKinnon Doxsee, they would compensate McKinnon Doxsee for the amount that McKinnon Doxsee had paid to MRW for the one-half interest previously owned by MRW, and would assume responsibility for any remaining payments owed by McKinnon Doxsee to MRW.
The plaintiff Millennium Alliance Group, LLC (hereinafter Millennium), formed in approximately 1998, is an organization that provides services to certain insurance agencies including McKinnon Doxsee, pursuant to certain service agreements. The service agreement between McKinnon Doxsee and Millennium, among other things, granted to Millennium the right to perform "all necessary or desirable business practices and procedures after processing by [McKinnon Doxsee] of an application for insurance coverage," including the collection and distribution of commissions. As of 2007, McKinnon Doxsee owned a 70% share of Millennium. The remaining 30% was owned by James McKinnon, who is the owner of McKinnon Doxsee, and two other individuals.
In 2001, the members of Millennium resolved to form a "board of directors" to manage the affairs of Millennium. The defendant Gallina served on the Millennium board of directors from approximately 2001 through 2007. In that capacity, Gallina attended numerous board meetings at which the board discussed business matters of both Millennium and McKinnon Doxsee.
In 2007, the defendants decided to leave their employment at McKinnon Doxsee. Both defendants submitted written letters of resignation dated December 4, 2007. On that same date, the defendant Gallina also submitted his written resignation from the board of directors of Millennium. Also on that same date, the defendants began employment with the Edwards & Company insurance agency. It is undisputed that prior to the date of their resignation, both defendants engaged in the electronic copying of files of McKinnon Doxsee, containing customer information including contact information and information as to the insurance policies maintained by those customers. At the time of the defendants' departure, they did not compensate the plaintiffs for their interest in the books of business.
The plaintiffs then commenced this action, inter alia, to recover damages for breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, unfair competition, and conversion. The plaintiffs also sought an accounting. Following a nonjury trial, a judgment was entered in favor of the defendants and against the plaintiffs dismissing the complaint.
The power of this Court "to review findings of fact rendered after a nonjury trial is not limited to whether the findings are supported by the credible weight of the evidence" (Matter of Fasano v State of New York, 113 AD2d 885, 887). "If the credible evidence in the record indicates that a different finding from that of the trial court is not unreasonable, this court must weigh the relative probative force of conflicting testimony as well as conflicting inferences which may be drawn therefrom. Following its assessment of the testimony, this court may render the judgment it finds warranted by the facts, taking into account that in a close case, the Trial Judge has the advantage of viewing the witnesses" (id. at 887-888 [citations omitted]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Diederich v Wetzel, 170 AD3d 954).
We disagree with the Supreme Court's dismissal of the cause of action alleging breach of fiduciary duty insofar as asserted against the defendant Gallina. A breach of fiduciary duty has been defined as taking "an action for [one's] own improper personal benefit" that is not in the best interests of the party to whom a duty is owed (JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P., 89 AD3d 684, 685). A managing member of an LLC owes a fiduciary duty to the LLC (see Out of Box Promotions, LLC v Koschitzki, 55 AD3d 575, 578). In addition, a non-member manager of an LLC owes a fiduciary duty to the LLC (see Limited Liability Company Law § 409[a]; see also Talking Capital LLC v Omanoff, 169 AD3d 423, 424).
The record shows that the board of directors of Millennium essentially functioned as a management committee for that limited liability company. Thus, Gallina owed a fiduciary duty [*3]to Millennium (see Limited Liability Company Law § 409[a]; see also Talking Capital LLC v Omanoff, 169 AD3d at 424).
In addition, "'an employee owes a duty of good faith and loyalty to an employer in the performance of the employee's duties'" (30 FPS Prods., Inc. v Livolsi, 68 AD3d 1101, 1102, quoting Wallack Frgt. Lines v Next Day Express, 273 AD2d 462, 463; see Island Sports Physical Therapy v Burns, 84 AD3d 878). An employee may breach his or her fiduciary duty to the employer, by improperly "using [the employer's] time and resources to form a new business and promote themselves while still working for [the employer]" (Ashland Mgt. v Altair Invs., NA, LLC, 14 NY3d 774, 776).
An insurance agency's customer list is generally not considered a "trade secret" (see Arnold K. Davis & Co. v Ludemann, 160 AD2d 614, 615; Levine v Bochner, 132 AD2d 532, 532). In addition, there was no restrictive covenant prohibiting the defendants from competing with McKinnon Doxsee or Millennium, after their resignation from those entities.
However, the record contains, among other things, evidence that Gallina copied large files of client information from his work computer prior to his resignation from his employment and from his board seat. The record also contains evidence showing that Gallina solicited certain of the McKinnon Doxsee clients prior to his resignation from his employment with McKinnon Doxsee and his resignation from the board of directors of Millennium. That evidence included change-of-broker letters, known as "broker-of-record" letters, sent to customers of McKinnon Doxsee around the time of the defendants' resignation from McKinnon Doxsee and Gallina's resignation from the board of directors of Millennium. The defendants denied having sent any such letters prior to the date of their resignations. However, some of those letters were dated prior to the date of the defendants' resignations, and numerous letters were signed by customers on that same date, a fact for which the defendants provided no specific explanation. In addition, the defendants acknowledged having electronically copied the customer and policy information, and providing that information to their new employer prior to their resignations.
Given such evidence of acts inconsistent with Gallina's fiduciary duties to McKinnon Doxsee and Millennium, the plaintiffs are entitled to judgment on the issue of liability on the breach of fiduciary duty cause of action insofar as asserted against Gallina (see Coastal Sheet Metal Corp. v Vassallo, 75 AD3d 422, 423; see also Mobarak v Mowad, 117 AD3d 998, 1000-1001; Ashland Mgt. Inc. v Altair Invs. NA, LLC, 59 AD3d 97, 107, mod 14 NY3d 774).
Further, in view of the evidence showing that Marklin substantially assisted in such actions, the plaintiffs are entitled to judgment on the issue of liability on the cause of action alleging aiding and abetting a breach of fiduciary duty insofar as asserted against Marklin (see Coastal Sheet Metal Corp. v Vassallo, 75 AD3d at 423; see also Starr Indem. & Liab. Co. v Global Warranty Group, LLC, 165 AD3d 1308, 1309).
We disagree with the Supreme Court's dismissal of the cause of action to recover damages for unfair competition. To establish a cause of action for relief based on unfair competition, a plaintiff must demonstrate that the defendant wrongfully diverted the plaintiff's business to itself (see Baldeo v Majeed, 150 AD3d 942, 944; Robert I. Gluck, M.D., LLC v Kenneth M. Kamler, M.D., LLC, 74 AD3d 1166). In the absence of a restrictive covenant, an employee may freely compete with a former employer "'unless trade secrets are involved or fraudulent methods are employed'" (Pearlgreen Corp. v Yau Chi Chu, 8 AD3d 460, 461, quoting Walter Karl, Inc. v Wood, 137 AD2d 22, 27). Unfair competition encompasses "[t]he principle that one may not misappropriate the results of the skill, expenditures and labors of a competitor" (Electrolux Corp. v Val-Worth, Inc., 6 NY2d 556, 567).
Here, the record reveals that while employed by McKinnon Doxsee, the defendants electronically copied information from the subject books of business, including customer contact information and information regarding the customers' insurance policies. The record, including the copies of the change of broker letters, also contains evidence from which it may be inferred that the [*4]defendants solicited some of those customers prior to their resignation from McKinnon Doxsee. Under these circumstances, the record demonstrates that the defendants engaged in unfair competition (see Advanced Magnification Instruments of Oneonta v Minuteman Opt. Corp., 135 AD2d 889, 890; see also Mitzvah Inc. v Power, 106 AD3d 485, 486-487; Atlas El. Corp. v United El. Group, Inc., 77 AD3d 859, 861).
We agree with the Supreme Court's dismissal of the cause of action alleging conversion. "To establish a cause of action to recover damages for conversion, [the] plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights" (Cusack v American Defense Sys., Inc., 86 AD3d 586, 587; see World Ambulette Transp., Inc. v Lee, 161 AD3d 1028, 1030-1031). Here, the plaintiffs failed to demonstrate that the defendants exercised control over the client information that they copied to the exclusion of the plaintiffs, as the plaintiffs still had access to this information which had not been deleted (see CSI Group, LLP v Harper, 153 AD3d 1314, 1321). Therefore, this cause of action was properly dismissed (see id. at 1321; see also Whitman Realty Group, Inc. v Galano, 41 AD3d 590, 592).
Lastly, we agree with the Supreme Court's dismissal of the cause of action for an accounting, as the plaintiffs did not submit any evidence showing that they demanded an accounting (see New York Studios, Inc. v Steiner Digital Studios, 151 AD3d 454, 455; cf. Unitel Telecard Distrib. Corp. v Nunez, 90 AD3d 568, 569).
The defendants' remaining contention is without merit.
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court