Kalaijian v Grahel Assoc., LLC (2021 NY Slip Op 02282)





Kalaijian v Grahel Assoc., LLC


2021 NY Slip Op 02282


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2020-02745
 (Index No. 622727/17)

[*1]Stephan Kalaijian, respondent,
v
Grahel Associates, LLC, et al., appellants.


The DeIorio Law Group, PLLC, Rye Brook, NY (Patrick V. DeIorio of counsel), for appellants.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (Kathryn M. Dalli of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory relief and to recover damages for breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated February 20, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging breach of fiduciary duty.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In an order dated November 27, 2018, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for a judgment declaring that he holds a 49% ownership interest in the defendant Grahel Associates, LLC (hereinafter Grahel), and we affirm that order on a related appeal (see Kalaijian v Grahel Associates, LLC, __ AD3d ___ [Appellate Division Docket No. 2018-14114; decided herewith]). After the court's determination, the defendant R. A. Grace Holding Corp. (hereinafter Grace Corp.), which holds a 51% ownership interest in Grahel, reclassified as wages for its sole owner monies which had previously been profit distributions and stopped distributing any profits to the plaintiff. In November 2019, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging breach of fiduciary duty. The court granted that branch of the plaintiff's motion. The defendants appeal.
"The elements of a cause of action to recover damages for breach of fiduciary duty are the existence of a fiduciary relationship, misconduct by the defendant, and damages directly caused by the defendant's misconduct" (LMEG Wireless, LLC v Farro, 190 AD3d 716, 720). "A breach of fiduciary duty has been defined as taking 'an action for [one's] own improper personal benefit' that is not in the best interests of the party to whom a duty is owed" (McKinnon Doxsee Agency, Inc. v Gallina, 187 AD3d 733,736, quoting JFK Family Ltd. Partnership v Millbrae Natural Gas Dev. Fund 2005, L.P., 89 AD3d 684, 685). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging breach of fiduciary duty. The plaintiff submitted evidence that Grace Corp., as the majority owner [*2]of Grahel, owed him a fiduciary duty (see Birnbaum v Birnbaum, 73 NY2d 461, 465) and, via its sole owner, engaged in self-dealing in order to avoid the consequences of the Supreme Court's earlier determination that the plaintiff holds a 49% interest in Grahel, and that the plaintiff was caused to suffer damages due to that misconduct (see Celauro v 4C Foods Corp., 187 AD3d 836, 837). In opposition, the defendants failed to raise a triable issue of fact.
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court