Tribeca Preparatory LLC v Aninias (2024 NY Slip Op 01526)

Tribeca Preparatory LLC v Aninias

2024 NY Slip Op 01526

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Singh, J.P., González, Scarpulla, Higgitt, Rosado, JJ. 

Index No. 154377/22 Appeal No. 1875 Case No. 2023-00484 

[*1]Tribeca Preparatory LLC, Appellant,
v
Shirley Aninias et al., Respondents.

Smith, Gambrell & Russell, LLP, New York (Daniel Goldstein of counsel), for appellant.
The Dweck Law Firm LLP, New York (H.P. Sean Dweck of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about November 3, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff's claim for breach of fiduciary duty, unanimously reversed, without costs, on the law, and the motion denied.
Plaintiff school has stated a cause of action for breach of fiduciary duty, as it sufficiently alleged the existence of a fiduciary relationship, misconduct on the part of defendants, and damages caused by defendants' misconduct (Castellotti v Free, 138 AD3d 198, 209 [1st Dept 2016]; Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 10 [1st Dept 2008]). Plaintiff pleaded the existence of a fiduciary relationship, as defendant Shirley Aninias was one of the three managers on plaintiff's board of managers and served as both the Administrator and Head of School, while defendant Brian Sparber held a large membership percentage interest in plaintiff (see e.g. McKinnon Doxsee Agency, Inc. v Gallina, 187 AD3d 733, 736 [2d Dept 2020]). Plaintiff alleges that defendants misused its confidential information and trade secrets to solicit its students and faculty and promote defendants' new school, which was to be located in the same building as plaintiff. These allegations are sufficient to show that the parties had a "relationship of higher trust" in which plaintiff relied on defendants to manage its operations in good faith and in a prudent and business-like manner. Defendants breached their fiduciary duty to plaintiff by misusing its confidential information to directly compete with it (see 37 E. 50th St. Corp. v Restaurant Group Mgt. Servs., L.L.C., 156 AD3d 569, 570-571 [1st Dept 2017]; see also Poller v BioScrip, Inc., 974 F Supp 2d 204, 227-228 [SD NY 2013]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2024