At Last Sportswear, Inc. v Byron (2024 NY Slip Op 02135)

At Last Sportswear, Inc. v Byron

2024 NY Slip Op 02135

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Manzanet-Daniels, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Index No. 652369/22 Appeal No. 2123 Case No. 2023-03124 

[*1]At Last Sportswear, Inc., Plaintiff-Appellant-Respondent,
v
Leslie Byron, Defendant-Respondent-Appellant.

Shapiro Arato Bach LLP, New York (Fabien M. Thayamballi of counsel), for appellant-respondent.
Loeb & Loeb LLP, New York (John Piskora of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Robert E. Reed, J.), entered May 22, 2023, which granted defendant's motion to dismiss to the extent of dismissing plaintiff's unfair competition, common-law misappropriation of trade secrets, and conversion claims, and denied the motion to dismiss the claims for breach of contract and breach of fiduciary duty, unanimously modified, on the law, to reinstate the unfair competition, common-law misappropriation of trade secrets, and conversion claims, and otherwise affirmed, without costs.
The dismissed tort claims are not duplicative of plaintiff's breach of contract cause of action. In addition to contractual duties, the law recognizes independent common-law duties that are incidental to the relationship between parties. Where the same conduct constitutes a breach of a contractual obligation and the breach of a duty independent and distinct from the contract, a party may be subject to both breach of contract and tort claims (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]).
As relevant here, such a distinct common-law duty has been recognized in the form of a duty of loyalty of an employee to an employer, precluding an employee from, among other things, misusing an employers' confidential or proprietary information, such as by sharing that information with a competitor while still employed (see Twin City Fire Ins. Co. v Arch Ins. Group, Inc., 143 AD3d 533, 533-534 [1st Dept 2016], lv dismissed 29 NY3d 995 [2017]; Fredric M. Reed & Co. v Irvine Realty Group, 281 AD2d 352 [1st Dept 2001], lv denied 96 NY2d 720 [2001]). The breach of such a duty permits recovery of faithless servant damages, requiring the forfeiting of compensation and disgorging of ill-gotten profits (see Visual Arts Found., Inc. v Egnasko, 91 AD3d 578 [1st Dept 2012]).
Here, the breach of contract claim is based on the allegation that the employee violated a confidentiality provision by taking and distributing proprietary information, and the tort-based claims are based on allegations that the employee engaged in conduct against the employer's interest by taking and distributing confidential information while employed, to assist in the creation of a competing company. Under such circumstances, the employer may assert both tort-based claims rooted in the violation of the duty of loyalty and breach of contract (see CBS Corp. v Dumsday, 268 AD2d 350, 352 [1st Dept 2000]). While the court correctly rejected defendant's contention that the breach of fiduciary claim should be dismissed as duplicative of the contract claim, for the same reasons, it should have rejected the contention that the tort-based claims were duplicative of the contract claim. Moreover, the conversion claim may be asserted even if the conduct as to the taking of physical property falls within the prohibitions of the contractual terms at issue (cf. Kopel v Bandwidth Tech. Corp., 56 AD3d 320 [1st Dept 2008]). 
THIS CONSTITUTES THE DECISION [*2]AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 23, 2024