Hyde v Okolie

2026 NY Slip Op 02334

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Maurice Hyde, etc., Plaintiff-Respondent,

v

Cyril Okolie, etc., et al., Defendants, Phyllis Weitzman, Also Known as Phyllis Okolie, et al., Defendants-Appellants.

Decided and Entered: April 16, 2026

Index No. 152489/16|Appeal No. 6388|Case No. 2025-01579|

Before: Moulton, J.P., Scarpulla, Shulman, Rodriguez, Michael, JJ.

David Bolton, P.C., Garden City (David Bolton of counsel), for appellants.

Meenan & Associates, LLC, New York (Colleen M. Meenan of counsel), for respondent.

Pace Freeman LLP, New York (Emma Freeman and Colleen M. Meenan, JD of counsel) for respondent.

[*1]

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered February 4, 2025, which denied the motion of defendants Phyllis Weitzman, also known as Phyllis Okolie, and Bow Faith Co., LLC (together defendants) for summary judgment dismissing the fourth (aiding and abetting constructive fraud), fifth (aiding and abetting actual fraud), sixth (actual fraud), eighth (undue influence), ninth (promissory estoppel), thirteenth (joint and several liability), fifteenth (unjust enrichment), and sixteenth (constructive trust) causes of action in the second amended complaint as against them, unanimously affirmed, with costs.

Plaintiff Maurice Hyde is the administrator of the Estate of William Boise, who died on June 25, 2015. Hyde alleges that between 2011 and 2014, Weitzman, together with defendant Cyril Okolie, worked together to misappropriate more than a million dollars from Boise, who was suffering from dementia. Weitzman submitted an affidavit in support of her motion in which she states that she and Okolie were married in 1983 and have two children together. Weitzman avers that they separated in 2009 but maintain an amicable relationship. Okolie is a former student of Boise, who was a professor for many years at New York University.FN1

The complaint alleges that Weitzman used Boise's funds, transferred to her through Okolie, to purchase property in Maspeth, New York, which she then transferred to defendant Bow Faith, as its sole asset. Okolie also used his authority over Boise's financial accounts to make further transactions that allegedly benefited Weitzman.

The court properly determined that defendants failed to establish their entitlement to summary judgment dismissing plaintiff's claims for aiding and abetting constructive and actual fraud committed by Okolie and for actual fraud (see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]; Oster v Kirschner,77 AD3d 51, 55-56 [1st Dept 2010]). The evidence demonstrates that, Weitzman, at Okolie's behest, acted as witness to the execution of Boise's health care proxy and durable power of attorney naming Okolie. Subsequently, Okolie was added as a joint accountholder on Boise's accounts and moved Boise and himself into a costly two-bedroom apartment, paid for by Boise. Using this authority, Okolie then transferred large sums of money to Weitzman.

[*2]

With respect to the Maspeth property, Okolie facilitated and was present at conversations in which Weitzman and Boise allegedly discussed buying a joint investment property together, with Boise having the option to live at the property. To that end, Boise and Weitzman executed a "partnership agreement" on January 1, 2012. Plaintiff offered medical records and expert testimony that indicates that Boise was suffering from total mental and physical incapacitation in December 2011, before he purportedly signed the partnership agreement. Weitzman then received more than $300,000 of Boise's funds, through Okolie, to apply toward the purchase of the Maspeth property.

Weitzman contends that she and Boise intended to purchase an investment property where Boise could live, and that she returned Boise's money once Okolie indicated that Boise decided to back out of the deal. Weitzman then purchased the Maspeth property in her individual name. While she asserts that she returned $250,000 to Okolie to give to Boise, there is no conclusive evidence that the $250,000 was ever returned to Boise.

Defendants also failed to establish entitlement to summary judgment dismissing the undue influence claim (see Matter of Kotick v Shvachko, 130 AD3d 472, 473 [1st Dept 2015]). By virtue of a joint venture, a confidential relationship existed between Weitzman and Boise (see Rocchio v Biondi, 40 AD3d 615, 616 [2d Dept 2007]). Weitzman, as the transaction's beneficiary, failed to show that the purported partnership was free of undue influence (see Sepulveda v Aviles, 308 AD2d 1, 7 [1st Dept 2003]). There is evidence indicating that Weitzman exerted influence over Boise through multiple conversations with Boise about their purported joint venture, with Okolie, Boise's presumptive caretaker, acting as intermediary. Supreme Court properly found that the Maspeth transaction is entangled with the other allegedly fraudulent transactions recounted in the complaint that center on Okolie's actions.

Further, defendants were not entitled to summary judgment dismissing plaintiff's cause of action for promissory estoppel (see Condor Funding, LLC v 176 Broadway Owners Corp., 147 AD3d 409, 411 [1st Dept 2017]). Based on Weitzman's own statements, there are issues of fact as to whether Weitzman made clear and unambiguous promises to Boise and whether he reasonably relied upon the alleged promises (see Agress v Clarkstown Cent. School Dist., 69 AD3d 769, 771 [2d Dept 2010]).

[*3]

Defendants did not establish entitlement to summary judgment on the unjust enrichment claim (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]). The evidence shows that since the purchase of the Maspeth property, which plaintiff contends was purchased with Boise's funds, Weitzman acquired sole title to and occupancy of the property. It is undisputed that Boise never moved into the Maspeth property and never benefitted from the investment. Additionally, there is a dispute as to whether Weitzman reimbursed Boise $250,000 of the more than $300,000 that Boise gave to the purported partnership.

Co-conspirators found liable for aiding-and-abetting fraud may be held jointly and severally liable for damages (see Visual Arts Found., Inc. v Egnasko, 91 AD3d 578, 579 [1st Dept 2012]), thus, this cause of action was properly sustained. Moreover, under the circumstances here, a constructive trust is available as a remedy because Boise and Weitzman were in a confidential relationship by virtue of their joint venture (see Bankers Sec. Life Ins. Socy. v Shakerdge, 49 NY2d 939, 940 [1980]; Sharp v Kosmalski, 40 NY2d 119, 121 [1976]).

To the extent plaintiff shows at trial that Weitzman used Bow Faith to perpetrate a fraud on Boise, plaintiff may beentitled to reach the assets of that entity (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 140-141 [1993]).

We have considered defendants' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026

Footnotes

Footnote 1: Okolie is not a party to this appeal.